# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**CHAD EUGENE CALDWELL,**<br><br>Defendant. | **MEMORANDUM DECISION & ORDER**<br><br>Case No. 2:03-CR-00696-DAK<br><br>Judge Dale A. Kimball |

## INTRODUCTION

This matter is before the court on Plaintiff's Motion for Order Authorizing Payment from Inmate Trust Account (ECF No. 12) [hereinafter Motion for Payment]. In its motion, Plaintiff requests that $1,500[1] from Defendant's inmate account be applied to Defendant's outstanding criminal restitution obligation (ECF No. 12). After carefully considering the parties' motions and the law and facts related to this motion, the court issues the following Memorandum Decision and Order.

## BACKGROUND

In October of 2003, Defendant pled guilty to count one of Bank Robbery, a violation of 18 U.S.C. § 2113(a). The court sentenced Defendant on December 22, 2003 to a total of 151

---

[1] Plaintiff originally requested the entire balance of Defendant's inmate account be applied to the outstanding restitution balance (ECF No. 12). In its Reply, however, Plaintiff reduced the amount to $1,500 so that Defendant may keep his prison earnings, any amount received before November 2020, and $100 of funds recently received from family and friends. (ECF No. 15 at 3.)

1

months imprisonment on that charge. (ECF No. 9.) The court ordered this sentence to run consecutively to the sentences imposed in *United States v. Caldwell*, 2:03-CR-3251 DAK and *United States v. Caldwell*, 2:03-CR-325-DAK. (ECF No. 9.) The total amount of time to be served for both if these cases was to be 360 months. (ECF No. 9.) This Court also ordered Defendant to pay $18,398.00 in restitution and a $100.00 special assessment. (ECF No. 9.)

To date, the defendant has paid the special assessment in full, and $3,662.00 towards restitution. As of January 27, 2021, the restitution unpaid balance is $18,172.15, including accrued interest. Recently, the Executive Office for the United States Attorneys ("EOUSA") notified the United States Attorney's Office for the District of Utah that the Bureau of Prisons ("BOP") currently maintains in its possession, custody, or control at least $2,223.79 belonging to Defendant, which has been encumbered by the United States and confirmed by the BOP, as arising principally from recent deposits, including one last December from the United States for $1,200 for the economic impact of COVID-19. Plaintiff requests that the court enter an order authorizing the BOP to turn over $1,500 from Defendants inmate account to the Clerk of this court as payment toward Defendant's outstanding restitution obligation.

## DISCUSSION

The Mandatory Victim Restitution Act (18 U.S.C. § 3663A) requires that a court order "that the defendant make restitution to the victim of the offense," "when sentencing a defendant convicted of an offense described in subsection (c)." 18 U.S.C. § 3663A(a)(I). Subsection (c) states that these mandatory restitution orders apply to "all sentencing proceedings for convictions of, or plea agreements related to charges for, any offense . . . that is . . . a crime of violence, as defined in section 16." *Id.* at (c)(1)(A)(i). Bank Robbery fits subsection (c)'s crime of violence definition. *See* 18 U.S.C. § 16.

Any restitution orders entered under the Mandatory Victim Restitution Act are enforced in accordance with section 3664. 18 U.S.C. § 3663A(d). Under section 3664(n):

> If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.

18 U.S.C. § 3664(n). "While the statute generally is designed to reach any 'windfall' received by a person under a restitution requirement, the language of the statute is broad, and applies where a defendant obtains 'substantial resources' after the initial order of restitution 'from any source.'" *United States v. Grigsby*, No. 12-10174-JTM, 2016 WL 1056560, at *5 (D. Kan. Mar. 16, 2016) (internal citation omitted).

The court will not belabor the point. The foregoing legal framework clearly applies to the present situation. Defendant has found himself in possession of "substantial resources" and is statutorily "required to apply the value of such resources to [the] restitution or fine still owed." 18 U.S.C. § 3663A(d); *see also United States v. Thornbrugh*, 764 F. App'x 655, 657 (10th Cir. 2019) (unpublished). Accordingly, the court finds that Defendant must turn over $1,500 from his inmate account as requested by Plaintiff.

## CONCLUSION

For the forgoing reasons the court GRANTS Plaintiff's Motion for Payment (ECF No. 12). The amount requested in Plaintiff's Motion for Payment was later reduced in Plaintiff's Reply (ECF No. 15.) Accordingly, the Bureau of Prisons is authorized to turn over to the Clerk of this court $1,500 in funds held in Defendant's inmate account as partial payment towards the remaining balance imposed upon Defendant in this case.

DATED this 16th day of February, 2021.

                                BY THE COURT:

                                _____
                                DALE A. KIMBALL
                                United States District Judge